IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DELTA ANDERSON                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 3:05CV547-WHB-JCS

WILLIE JONES, ET AL.                                    DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion of Defendants Larry Kennedy and LCTS, Inc. to Strike Plaintiff's Expert Designation and Motion for Extension of Time to Serve Defendants' Expert Designation.  Having considered the Motion, to which Plaintiff failed to respond, the Court finds that it is well taken and should be granted.

This cause of action arises out of the circumstances surrounding the sale and financing of a house.  Plaintiff alleges a plethora of claims to include that she was induced to pay above market value for the house in issue, and that Defendants used fraudulent means in inducing Plaintiff to buy the house.

After receiving a court ordered extension of time to file her Expert Designation, Plaintiff filed said Designation with the Court on February 27, 2006, under docket entry no. 32.  Plaintiff designated Alan Paterson, a Mississippi licensed real estate broker, as her expert witness.  Defendants filed the subject Motion to Strike on March 24, 2006.  As stated above, Plaintiff failed to

respond to the subject Motion, and the time limit for filing a
Response has expired.  Therefore, pursuant to the authority granted
this Court under Rule 7.2(C)(2) of the Uniform Local Rules of the
United States District Courts for the Northern and Southern
Districts of Mississippi,[1] the Court finds that the Motion to
Strike is well taken and should be granted.

In the alternative, the Court finds that the Motion should be
granted on the merits.  Defendants argue that Plaintiff's expert
report is inadequate in that it contains little of the information
required by Rule 26(a)(2) of the Federal Rules of Civil Procedure
and Rule 26.1(A) of the Local Rules of this Court.  The Court
agrees with Defendants' argument.

Rule 26 (a)(2) of the Federal Rules states in part:

(2)  **Disclosure of Expert Testimony.**

(A)  In addition to the disclosures required
by paragraph (1), a party shall disclose to
other parties the identity of any person who
may be used at trial to present evidence under
Rules 702, 703, or 705 of the Federal Rules of
Evidence.

(B)  Except as otherwise stipulated or
directed by the court, this disclosure shall,
with respect to a witness who is retained or
specially employed to provide expert testimony
in the case or whose duties as an employee of
the party regularly involve giving expert
testimony, be accompanied by a written report
prepared and signed by the witness.  The

---

[1]Rule 7.2(C)(2) states "[i]f a party fails to respond to any
motion, other than a motion for summary judgment, within the time
allotted, the court may grant the motion as unopposed."

2

report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court.

Rule 26.1(A) of the Uniform Local Rules states in part:

(2) **Expert Witnesses**. A party shall, as soon as it is obtained, but in any event no later than the time specified in the case management order, make disclosure as required by Fed.R.Civ.P. 26(a)(2)(A).

(a) For purposes of this section, a written report is "prepared and signed" by the expert witness when the witness executes the report after review.

(b) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court.
* * * * *
(3) Failure to Disclose. If a party fails to make a disclosure required by this section, any other party shall move to compel disclosure and for appropriate sanctions pursuant to Fed. R. Civ. P. 37(a). The failure to take immediate action and seek court intervention if necessary when a known disclosure violation occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed pursuant to Fed. R. Civ. P. 37(c).

In light of the requirements of the applicable rules cited above, Plaintiff's expert designation is woefully inadequate. The only factor that is met by the designation is identification of the witness. No expert report is included, much less a "signed" report, no complete statement of the expert's opinions and justification therefor is included, no exhibits or summaries are included, no qualifications of the expert are included, the names of publications authored by the witness are not included, the compensation to be paid to the witness is not included and lists of prior court and/or deposition testimony are not included. The only information that is included in the Expert Designation, other than the name of the witness, is Plaintiff's counsel's "expectation" of issues to which the witness will testify at trial.

Without the need for further explanation, the Court finds that Plaintiff's Expert Designation is inadequate and must be stricken. Plaintiff's expert witness will not be allowed to testify at the trial of this cause. The Court further finds that Defendants should be allowed to designate an expert or experts on or before **Friday, May 5, 2006**.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendants Larry Kennedy and LCTS, Inc. to Strike Plaintiff's Expert Designation and Motion for Extension of Time to Serve Defendants' Expert Designation (docket entry no. 34) is hereby granted. Plaintiff's

4

expert, Alan Paterson, will not be allowed to testify at the trial of this cause.

IT IS FURTHER ORDERED that Defendants have until **Friday, May 5, 2006**, to designate their expert witness or witnesses.

SO ORDERED this the 24th day of April, 2006.

                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE

tct